NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

File Name: 17a0511n.06

CASE NO. 15-6138

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES of AMERICA, | ) | |
| | ) | **FILED** |
| *Plaintiff-Appellee*, | ) | Sep 01, 2017 |
| | ) | DEBORAH S. HUNT, Clerk |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| JOSHUA YANCEY, | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF KENTUCKY |
| *Defendant-Appellant*. | ) | |
| | ) | |

Before: BOGGS, BATCHELDER, and WHITE, Circuit Judges.

**ALICE M. BATCHELDER, Circuit Judge.** The defendant appeals the district court's denial of his post-judgment motion for relief from a forfeiture judgment. We affirm.

Joshua Yancey was one of 39 defendants charged together in a single indictment dated April 11, 2013. R. 364. That indictment contained a "forfeiture allegation," which specifically included—among a lengthy list of property—a "money judgment" of $1,825,510 and an assertion that "any and all interest [that all defendants, including Yancey] have in the above described property is vested in . . . and hereby forfeited to the United States." R. 364 at 9-11.

On August 6, 2013, Yancey entered into a plea agreement in which he agreed to "forfeit to the United States all interest in the property listed in the forfeiture allegation in the Indictment and [to] execute any documents necessary for this forfeiture." R. 864 at ¶8. He also waived his right to appeal "any determination made by the Court at sentencing with the sole exception that [he] may appeal the length of the sentence if . . . [it] exceeds 162 months." Id. at ¶7.

On September 12, 2013, the district court issued a "preliminary judgment of forfeiture," which specifically named Yancey (and one other defendant) in the caption; began with the statement that this order was "[b]ased upon the plea agreements"; and specifically ordered the "money judgment" of $1,825,510 forfeited to the United States. R 883. Yancey did not respond.

On January 23, 2014, the district court held a sentencing hearing, at which it heard argument about the sentence, considered the sentencing factors, and announced Yancey's sentence on the record. Specifically, the court announced that Yancey had "agreed to the forfeiture allegations so I'll enforce that." R. 1493 at 32:16. The subsequent written judgment says: "The defendant shall forfeit [his] interest in the following property to the United States: *All items listed in the forfeiture allegation of the superseding indictment*." R. 1139 at p. 6. In apparent accordance with his appellate waiver, Yancey did not appeal the judgment. Consequently, his conviction, sentence, *and the forfeiture order* were final at that time.[1]

Some 18 months later, on August 7, 2015, Yancey raised a post-judgment collateral challenge, moving the court for an order absolving him of responsibility for the money judgment on the basis that, in his plea agreement, he "did not agree to be held jointly and severally liable for [the] $1,825,510 money judgment"; that "the money judgment was not orally announced at [his] sentencing hearing"; and "the money judgment was not included in [his] judgment entry." R. 1398 at 2. Thus, he claimed the forfeiture was not part of his sentence.

The district court denied the motion on three bases: (1) Yancey had waived the challenge in his plea agreement, (2) Yancey's motion was untimely, and (3) Yancey had "entered into [a]

---

[1] In this appeal, Yancey has cited the recent decision of *Honeycutt v. United States*, 137 S. Ct. 1626, 1635 (2017) ("Forfeiture pursuant to § 853(a)(1) is limited to property the defendant himself actually acquired as the result of the crime."), to argue that the forfeiture was improper. But the question in this appeal is not whether the forfeiture was proper and our analysis is unchanged even if it was not. Yancey's sentence, including the forfeiture order, was final in February 2014, upon the expiration of his time for direct appeal. The question here is whether Yancey waived his challenge to that (presumptively improper) order. And the answer is that he did.

plea agreement[] in which [he] specifically agreed to the forfeiture[, and] [t]here is no question, therefore, that [he] 'knew of the forfeiture at sentencing.'" R. 1443.

Yancey appealed the denial of that motion, claiming that he is not responsible for the money judgment because it "was never mentioned in his plea agreement, nor mentioned at the sentencing hearing, nor included in his judgment entry." Appellant Br. at 1 (Issue Presented). The government responded that Yancey "had notice of and agreed to a legitimate forfeiture money judgment." Appellee Br. at 16. In reply, Yancey said that his "entire argument on appeal is that the district court never imposed a money judgment against [him] at sentencing[, and] [t]he district court's failure to explicitly state the existence of a money judgment at the sentencing and its omission of the money judgment from the judgment entry indicate that a money judgment was never imposed against Yancey." Appellant Reply Br. at 1.

Meanwhile, the government had moved to dismiss the appeal on the basis that Yancey had waived his right to challenge any determination made by the district court at sentencing. Yancey responded that he was not challenging "a determination made by the district court at sentencing"; instead, his claim was solely that the district court had never imposed a money judgment, never stated a money judgment at sentencing, and did not include a money judgment in the judgment of conviction. In denying the government's motion, we noted that we have previously permitted a direct appeal to a forfeiture order despite the presence of an appellate-waiver provision, relying on *United States v. Droganes*, 728 F.3d 580, 586-87 (6th Cir. 2013), in which we acknowledged that Droganes had signed the broad appellate waiver but specified on the particular facts that:

> Droganes neither knowingly nor voluntarily waived his right to appeal the forfeiture order. During the rearraignment colloquy, Droganes's attorney specifically stated his understanding that the issue of the number and value of any returnable consumer fireworks would remain open after entering into the plea agreement. The district court offered confirmation, noting (perhaps incorrectly)

> that the issue was not part of the criminal case. The district court again intimated that the issue remained unresolved at sentencing. For another thing, the express terms of the appellate-waiver provision are silent regarding the issue raised here. And it is at least ambiguous whether the 'any sentence' language in the provision extends to a corresponding forfeiture order. Because plea agreements are to be interpreted strictly, with ambiguities construed against the government, we decline to apply the appellate-waiver provision in this instance.

*Id*. (quotation marks, editorial marks and citations omitted).

The facts in *Droganes* are drastically different from the facts in the present case. Here, Yancey waived any challenge to any determination by the court at sentencing and the plea agreement included an express provision in which Yancey agreed to "forfeit to the United States all interest in the property listed in the forfeiture allegation in the Indictment"; the State included the money judgment in the forfeiture provision of the indictment, which was thereafter referred to—consistently and accurately—in Yancey's plea agreement, the preliminary judgment of forfeiture, the sentencing hearing, and the criminal judgment; Yancey never once questioned or challenged the money judgment or the forfeiture (in the indictment, the plea agreement, the preliminary judgment of forfeiture, the sentencing hearing, or the criminal judgment); the court never suggested that the issue was unresolved; and there were no ambiguities.

Moreover, Yancey is not arguing that his plea agreement waiver was not knowing or voluntary, or that there is any ambiguity. He is arguing that the government never alerted him to the money judgment, that his plea agreement did not include the money judgment, and that the court did not state the money judgment at sentencing or include it in the judgment of conviction. That is incorrect. The indictment lists the money judgment; the plea agreement cites the forfeiture items in the indictment; the sentencing hearing refers to that forfeiture; and the judgment of conviction does likewise. This is a purely factual claim and Yancey has his facts wrong.

For these reasons, we AFFIRM the judgment of the district court.